[This decision has been published in *Ohio Official Reports* at 91 Ohio St.3d 25.]

CUYAHOGA COUNTY BAR ASSOCIATION *v.* KRAUS.

[Cite as *Cuyahoga Cty. Bar Assn. v. Kraus*, 2001-Ohio-234.]

*Attorneys at law—Misconduct—Eighteen-month suspension with entire suspension stayed with conditions—Neglect of an entrusted legal matter—Failing to promptly deliver to client funds that client is entitled to receive— Withdrawing from employment without taking reasonable steps to avoid foreseeable prejudice to the client's rights.*

(No. 00-1107—Submitted July 25, 2000—Decided January 17, 2001.)

ON CERTIFIED REPORT by the Board of Commissioners on Grievances and Discipline of the Supreme Court, No. 99-47.

_____

*Per Curiam.*

{¶ 1} On July 13, 1999, relator, Cuyahoga County Bar Association, filed a complaint charging respondent, David P. Kraus of Beachwood, Ohio, Attorney Registration No. 0039592, with the violation of several Disciplinary Rules. Respondent answered, and the matter was heard by a panel of the Board of Commissioners on Grievances and Discipline of the Supreme Court ("board").

{¶ 2} Based on stipulations and testimony received at the hearing, the panel found that in 1997, Philip and Debra Einhorn retained respondent and paid him $265 to resolve their credit problems. Although respondent sent two letters on his clients' behalf, he did not complete the promised legal services. The panel also found that in December 1995, Boualoune Souksavanh retained respondent and paid him $2,000 to represent Sonnepath Souksavanh in a criminal matter. Respondent appeared at Sonnepath's bindover hearing in juvenile court but did not provide any further legal services.

{¶ 3} The panel further found that in October 1997, after Linda J. Harvey paid a retainer of $120 to respondent to collect a debt for her, respondent failed to complete the promised legal services. It also found that, in March 1997, Steven Hill retained respondent to represent him in a workers' compensation matter and paid him $6,000. From March through September 1997, respondent counseled Hill and represented him before the Industrial Commission. However, in September, respondent failed to appear at a hearing on a motion for reconsideration before the commission. In April and May 1997, respondent failed to appear at pretrials in the criminal matters he undertook for Lisa Freeman and James Braxton. After respondent failed to appear at a sentencing hearing for another client, Denise Betts, he declined to submit to a urinalysis test ordered by the common pleas court and was held in contempt.

{¶ 4} The panel concluded that in each of these matters respondent violated DR 6-101(A)(3) (an attorney shall not neglect an entrusted legal matter). In the Harvey matter, he also violated DR 9-102(B)(4) (an attorney shall promptly deliver to a client funds that the client is entitled to receive) and 2-110(A)(2) (an attorney shall not withdraw from employment until the attorney takes reasonable steps to avoid foreseeable prejudice to the rights of the client).

{¶ 5} In mitigation, the panel noted that respondent had refunded $265 to the Einhorns and $121 to Harvey, and agreed to pay $2,000 to Souksavanh and $6,000 to Hill. The panel also noted that after these offenses, in December 1998, respondent voluntarily admitted himself to Freedom House, a center for both alcohol and drug abuse, to deal with his alcoholism. He stayed for nine months, four as an in-patient and the remainder on "voluntary ¾ status." He has stayed sober since December 1998, regularly attends Alcoholics Anonymous meetings, and has constant communication with his sponsors. In addition, he has undertaken to work for Ed Keating Center and Freedom House to help others like himself. At the hearing, respondent submitted numerous letters from judges, pursuant to

subpoena, and from staff at Freedom House, former clients, and fellow attorneys, attesting to his legal ability, good character, and commitment to recovery. The panel found that respondent was very sincere in his testimony, expressing both sorrow for the time he dishonored his profession, and a commitment to change his life and help others who have similar problems.

{¶ 6} The panel recommended that respondent be suspended from the practice of law for eighteen months with the entire suspension stayed, during which time respondent shall be on probation, maintain his contract with the Ohio Lawyers Assistance Program ("OLAP") until August 31, 2001, and make restitution to Souksavanh and Hill.

{¶ 7} The board adopted the findings, conclusions, and recommendation of the panel.

{¶ 8} We adopt the findings, conclusions, and recommendation of the board. Respondent is hereby suspended from the practice of law for eighteen months with the entire suspension stayed, during which time respondent shall be on probation, maintain his contract with the Ohio Lawyers Assistance Program until August 31, 2001, and make restitution to Souksavanh and Hill. Failure to repay the full amount within one year will result in the reinstatement of respondent's stayed suspension.

{¶ 9} Costs are taxed to respondent.

*Judgment accordingly.*

MOYER, C.J., DOUGLAS, RESNICK, F.E. SWEENEY, PFEIFER and COOK, JJ., concur.

LUNDBERG STRATTON, J., dissents.

---

**LUNDBERG STRATTON, J., dissenting.**

{¶ 10} I respectfully dissent. Respondent took money from at least five clients and did not complete the promised legal services. It also appears that the

respondent did not refund his clients' money until he was charged with disciplinary violations. Although the respondent appears to be a recovering substance abuser, I find that his disciplinary violations were so severe as to warrant an actual suspension.

{¶ 11} I would, therefore, suspend respondent for eighteen months, with only six months stayed with conditions.

_____

*Jay Milano, Jack Guttenberg*, *Alvin Brauman* and *Ellen Mandeu*, for relator.

*Mary L. Cibella,* for respondent.

_____